■    EDWIN MILLER, Appellant, v. GEORGE FRAMPTON, Respondent. KENNETH E. BAGEANT et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants.— Order of the Supreme Court, Suffolk County, dated February 14, 1968, which denied appellants' motion to dismiss the counterclaim in defendants' answer, affirmed, with $10 costs and disbursements. Plaintiff sues to enjoin defendants from interfering with his easement of right-of-way for ingress and egress over their property, alleging that they took title to their property in 1955 subject to this easement. Defendants deny the existence of the easement, affirmatively defend on the ground that the easement had been abandoned by plaintiff's predecessor in title before plaintiff acquired his property, and counterclaim for judgment declaring their rights vis-a-vis the rights of the owners of the two parcels which intervene between his and defendants' properties. In addition, defendants impleaded the intervening owners and seek judgment locating the easements of these intervening owners some 300 feet north of the southerly terminus of the easement asserted by plaintiff. On the record presented it is our opinion that defendants' deed to their property, which incorporated a survey describing the right-of-way, subjected it to the easement in the location asserted by plaintiff. Whether that easement was abandoned by plaintiff's predecessor in title must be determined upon the trial. The record discloses that the easement over defendants' land in favor of the intervening owners either exists in the same location as the easement asserted by plaintiff or else does not exist at all if plaintiff's predecessor, who is also their common grantor, in fact abandoned the easement over defendants' property prior to conveying title to plaintiff and/or to the intervening owners. Under these circumstances we find that the relocation sought by defendants can be granted only upon reformation of one or more of the deeds involved herein. However, the prayer for relief is not part of a cause of action and it adds nothing that will supply a lack of facts sufficient to constitute a cause of action set forth in the pleading, which must stand or fall on the facts alleged (5 Carmody-Wait, N. Y. Prac., pp. 35–36). Here, the counterclaim contains no allegation of fraud, mistake or accident as a result of which the 1955 deed to defendants failed to express the real intention of the contracting parties. Since these allegations are essential to a cause of action for reformation (see 6 N. Y. Jur., Cancellation and Reformation of Instruments, p. 567), the counterclaim does not allege a cause of action for reformation and hence the Statute of Limitations for such an action does not apply. Consequently, plaintiff's motion to dismiss the counterclaim on the ground that

the cause of action set forth therein was barred by the Statute of Limitations was properly denied. Beldock, P. J., Christ, Rabin, Munder and Martuscello, JJ., concur.